FITZGERALD KNAIER LLP
    Kenneth M. Fitzgerald (SBN: 142505)
    kfitzgerald@fitzgeraldknaier.com
402 West Broadway, Suite 1400
San Diego, California 92101
Tel:  (619) 241-4810
Fax:  (619) 955-5318

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## SAN DIEGO

| | |
|---|---|
| CHRISTY O'DRISCOLL,<br><br>                          Plaintiff,<br><br>        vs.<br><br>TODD OVOKAITYS, M.D.; REGENERATIVE MEDICINE ASSOCIATES, P.C.; SCOTT GREENBERG, M.D.; LIFEWORKS WELLNESS CENTER, LLC; DAVID MINKOFF, M.D.; ADVANCED REJUVENATION, LLC; JOHN A. LIEURANCE, N.D., D.C.; JEFF SACK, M.D.; PETER HOLLANDS, PH.D.; JAVIER G. BERNARD, M.D.; SILVIA GONZALEZ; PENSUM REGENERATIVE MEDICINE, LTD.; JOSEPH PURITA, M.D.; DOCERE CLINICS, LLC; HARRY ADELSON, N.D.; BVITAL, INC.; GREG ECKEL, N.D.; KEN WOLKOFF, M.D.; MARIBELLE VERDIALES, M.D.; REVITALIZA - CLINICA DE | Case No.:  **'25CV0874 AGS MMP**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS COPYRIGHT INFRINGEMENT, AND CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1

FISIOTERAPIA E SAUDE LTDA;
CLINICA DALLE VITA LTDA;
FABIO GABAS; AUSTIN
REGENERATIVE THERAPY, LLC;
KHANH NGUYEN, M.D.; BLATMAN
PAIN CLINIC, INC.; HAL S.
BLATMAN, M.D.; MOUNTAIN
MEDICAL SPECIALTIES, INC.;
ARTHUR FLICK, M.D.; EAST WEST
HEALTH SLC, LLC; THOMAS SU,
M.D.; PHILLIP M. MILGRAM, M.D.;
BRANDON CRAWFORD, D.C.;
STEFAN KASIAN, N.D.; THE BIO-
HACK LAB, LLC; CRAIG FRENCH,
D.C.; CHRISTINA RAHM;
PFRANKMD MANAGEMENT
COMPANY, INC.; PAUL JERROD
FRANK, M.D.; SIENNA STECKEL,
M.D.; ERIC SCHOEN, N.D.; AND
LOLLI BRANDS ENTERTAINMENT,
LLC

                              Defendants.

COMES NOW THE PLAINTIFF, Christy O'Driscoll ("Plaintiff" or "Ms. O'Driscoll"), who for her Complaint against defendants Todd Ovokaitys, M.D. ("Ovokaitys"); Regenerative Medicine Associates, P.C.; Scott Greenberg, M.D.; Lifeworks Wellness Center, LLC; David Minkoff, M.D.; Advanced Rejuvenation, LLC; John A. Lieurance, N.D., D.C.; Jeff Sack, M.D.; Peter Hollands, Ph.D.; Javier G. Bernard, M.D.; Silvia Gonzalez; Pensum Regenerative Medicine, Ltd., a Cayman Islands limited liability company; Joseph Purita, M.D.; Docere Clinics, LLC; Harry Adelson, N.D.; BVital, Inc.; Greg Eckel, N.D.; Ken Wolkoff, M.D.; Maribelle Verdiales, M.D.; Revitaliza - Clinica de Fisioterapia e Saude Ltda, a Brazil limited liability company; Clinica Dalle Vita Ltda, a Brazil limited liability company; Fabio Gabas; Austin Regenerative Therapy, LLC; Khanh Nguyen, M.D.; Blatman Pain Clinic, Inc.; Hal S. Blatman, M.D.; Mountain Medical Specialties, Inc.; Arthur Flick, M.D.; East West Health SLC, LLC; Thomas Su, M.D.; Phillip M. Milgram, M.D.; Brandon Crawford, D.C.; Stefan Kasian, N.D.; The Bio-Hack Lab, LLC; Craig French, D.C.; Christina Rahm; PFrankMD Management Company, Inc.; Paul Jerrod Frank, M.D.; Sienna Steckel, M.D.; Eric Schoen, N.D.; and Lolli Brands Entertainment, LLC (collectively, "Defendants"), alleges as follows:

## INTRODUCTION

1.      Plaintiff is a musician, composer, vocalist, and business owner based in Utah. She performs live music and promotes her recorded music on social media platforms. Her performances range from local, intimate venues to NBA crowds, Supercross and American Idol. Like many other artists, Ms. O'Driscoll lends her musical talent to various artistic and commercial projects.

2.      Ms. O'Driscoll is the composer of the song *Erektica*. Ms. O'Driscoll holds a valid copyright registration for the song with the United States Copyright Office, Registration No. SR 1-008-464.

3.      Defendant Ovokaitys operates a medical practice using the name "QiGenix Clinic," through which he offers beauty therapies and other treatments designed to "extend [a patient's] lifespan."

4.      Ovokaitys sought out Ms. O'Driscoll's talents to create a musical composition for use in his clinic. Over the course of approximately six months, Ms. O'Driscoll composed and refined the transformative musical work that became *Erektica*. Ms. O'Driscoll shared iterations of the piece with Ovokaitys throughout its development, including the final, copyrighted version.

5.      The recording of *Erektica* was first premiered publicly at an auditorium that reacted with a standing ovation. NASA's Christyl C. Johnson, Ph.D., described her visceral experience of hearing the song as follows: "as the song progressed, every bit of energy began to swirl . . . in sync with the universe . . . it was an absolutely beautiful thing." Data from the Heart Math Institute demonstrated the song's extraordinary effects on one listener as compared to standard mediation and wellness music.

6.      Ovokaitys has acknowledged that Ms. O'Driscoll is the piece's author; indeed, in an April 2021 phone conversation, Ovokaitys fraudulently promised Ms. O'Driscoll that she would be credited as the songwriter and receive profits from the use of the piece. Despite his promise to compensate Ms. O'Driscoll for the widespread use of her intellectual property, he never made good on that promise, and he has refused to enter a formal agreement reflecting the parties' understanding.

7.      As alleged more thoroughly below, Ovokaitys willfully misappropriated Ms. O'Driscoll's copyrighted piece. Ovokaitys has used and continues to use *Erektica*—which he refers to as "New Life Energy Symphony"—as a crucial component of what he describes as his patented SONG laser activated PRP ("SONG treatment"). According to Ovokaitys, the SONG treatment "combines Platelet-Rich Plasma (PRP) with patented SONG laser

1    activation to accelerate healing, rejuvenate skin, improve overall health and much
2    more." Ovokaitys markets the SONG treatment as a "revolutionary," forward-
3    looking method of stem cell therapy that uses music—Ms. O'Driscoll's piece—as
4    its key healing agent.

5         8.    The SONG treatment is "exclusively administered at QiGenix or by
6    its trained licensees." Those "trained licensees," who have no valid rights to use
7    Ms. O'Driscoll's copyrighted composition, include defendants Regenerative
8    Medicine Associates, P.C.; Scott Greenberg, M.D.; Lifeworks Wellness Center,
9    LLC; David Minkoff, M.D.; Advanced Rejuvenation, LLC; John A. Lieurance,
10   N.D., D.C.; Jeff Sack, M.D.; Peter Hollands, Ph.D.; Javier G. Bernard, M.D.;
11   Silvia Gonzalez; Pensum Regenerative Medicine, Ltd., a Cayman Islands limited
12   liability company; Joseph Purita, M.D.; Clinics, LLC; Harry Adelson, N.D.;
13   BVital, Inc.; Greg Eckel, N.D.; Ken Wolkoff, M.D.; Maribelle Verdiales, M.D.;
14   Revitaliza - Clinica de Fisioterapia e Saude Ltda, a Brazil limited liability
15   company; Clinica Dalle Vita Ltda, a Brazil limited liability company; Fabio
16   Gabas; Austin Regenerative Therapy, LLC; Khanh Nguyen, M.D.; Blatman Pain
17   Clinic, Inc.; Hal S. Blatman, M.D.; Mountain Medical Specialties, Inc.; Arthur
18   Flick, M.D.; East West Health SLC, LLC; Thomas Su, M.D.; Phillip M. Milgram,
19   M.D.; Brandon Crawford, D.C.; Stefan Kasian, N.D.; The Bio-Hack Lab, LLC;
20   Craig French, D.C.; Christina Rahm; PFrankMD Management Company, Inc.;
21   Paul Jerrod Frank, M.D.; Sienna Steckel, M.D.; and Eric Schoen, N.D.
22   (collectively, "the SONG Provider Defendants").

23        9.    Defendants have publicly performed and distributed an audio file
24   that reproduces the original protected expression of *Erektica*, including its
25   melodies, harmonies, chord progressions, orchestration, vocal arrangement, and
26   Ms. O'Driscoll's piano and vocal performance. On information and belief, these
27   copies are substantially similar or identical to Ms. O'Driscoll's original recording.
28

10. Ovokaitys licenses the SONG treatment protocol, which includes Ms. O'Driscoll's piece, to the SONG Provider Defendants—regenerative medicine clinics throughout the United States and beyond. Defendants infringe on Ms. O'Driscoll's rights in *Erektica* through use of the piece in promotional and clinical settings without valid license, and without proper attribution or compensation. Ovokaitys and the SONG Provider Defendants have excluded Ms. O'Driscoll from any recognition or financial benefit.

11. Defendant Lolli Brands Entertainment, LLC ("Lolli Brands") has obtained footage of Ovokaitys performing the SONG treatment, which incorporates *Erektica*. Lolli Brands has used *Erektica* in social media content promoting its docuseries, *Biohack Yourself*, without providing attribution or compensation to Ms. O'Driscoll. Lolli Brands used Erektica in promotional video content for its docuseries Biohack Yourself, synchronizing the music with audiovisual material. This unlicensed synchronization constitutes direct infringement of Plaintiff's rights under 17 U.S.C. § 106(2), (4), and (6). On information and belief, Lolli Brands acted with knowledge of Plaintiff's authorship, and plans to continue using the work in future episodes.

12. Ms. O'Driscoll therefore brings this suit to enforce her copyright in her work *Erektica*, and to obtain damages for copyright infringement against defendants.

## PARTIES

13. Plaintiff is an individual, residing in the State of Utah.

14. Defendant Todd Ovokaitys, M.D. is an individual residing in this judicial district, who does business in the name of "QiGenix Clinics" with an office at 6125 Paseo del Norte, Ste 140, Carlsbad, CA 92011, and in the name of "Xtend Optimal Health" with an office at Plaza Nodo 54, C. 54 Este, Panama City, Panama.

15.     On information and belief, Defendant Regenerative Medicine Associates, P.C., dba Greenberg Regenerative Medicine, is a Pennsylvania professional corporation located at 1142 Brynlawn Road, Villanova, PA 19085.

16.     On information and belief, Defendant Scott Greenberg, M.D. is an individual residing in Pennsylvania.

17.     On information and belief, Defendant Lifeworks Wellness Center, LLC is a Florida limited liability company located at 301 Turner Street Clearwater, Fl 33756.

18.     On information and belief, Defendant David Minkoff, M.D. is an individual residing in Florida.

19.     On information and belief, Defendant Advanced Rejuvenation, LLC is a Florida limited liability company located at 1014 North east Avenue, Sarasota Florida 34237.

20.     On information and belief, Defendant John A. Lieurance, N.D., D.C. is an individual residing in Florida.

21.     On information and belief, Defendant Jeff Sack, M.D. is an individual residing in Florida.

22.     On information and belief, Defendant Peter Hollands, Ph.D. resides in the United Kingdom and conducts business under the name "Xtend Optimal Health" at Plaza Nodo 54, C. 54 Este, Panama City, Panama.

23.     On information and belief, Defendant Silvia Gonzalez resides in Panama and conducts business under the name "Xtend Optimal Health" at Plaza Nodo 54, C. 54 Este, Panama City, Panama.

24.     On information and belief, Defendant Javier G. Bernard, M.D. resides in Panama and conducts business under the name "Xtend Optimal Health" at Plaza Nodo 54, C. 54 Este, Panama City, Panama.

25. On information and belief, Defendant Regenerative Medicine Ltd is a Cayman Islands limited liability company located at 13 Belmont Close, Crewe Road, Box No. 10325, KY1-1003 Grand Cayman, Cayman Islands.

26. On information and belief, Defendant Joseph Purita, M.D. is an individual residing in Florida.

27. On information and belief, Defendant Docere Clinics has a principal place of business located at 1389 Center Drive Ste 140, Park City, UT 84098.

28. On information and belief, Defendant Harry Adelson, N.D. is an individual residing in Utah.

29. On information and belief, Defendant BVital, Inc., doing business as Energy4Life Center, has a principal place of business located at 1755 Prospector Ave, Park City, UT 84060.

30. On information and belief, Defendant Greg Eckel, N.D. is an individual residing in Utah.

31. On information and belief, Defendant Ken Wolkoff, M.D. is an individual residing in Utah.

32. On information and belief, Defendant Maribelle Verdiales, M.D. is an individual residing in Georgia, who does business under the name "Restaura Cells Health Center" and has an office located at 924 West Spring St., Monroe, GA 30655.

33. On information and belief, Defendant Revitaliza - Clinica de Fisioterapia e Saude Ltda, is a Brazil limited liability company with an office located at Lucio Marques Street, 260 11900-000 São Paulo, Brazil.

34. On information and belief, Defendant Clinica Della Vita is a Brazil limited liability company with an office at Av. Engenheiro Luís Carlos Berrini, 1500 - Cidade Monções, 6º Andar, São Paulo, Brazil.

35. On information and belief, Defendant Fabio Gabas is an individual residing in São Paulo, Brazil.

36.    On information and belief, Defendant Austin Regen Therapy, LLC, is a Texas limited liability company with an office at 6601 Vaught Ranch Rd Ste #201, Austin, TX 78730.

37.    On information and belief, Defendant Khanh Nguyen, M.D. is an individual residing in Texas.

38.    On information and belief, Defendant Blatman Pain Clinic, Inc. is an Ohio corporation doing business as "Blatman Health And Wellness" with an office at 10653 Techwoods Circle Ste 101 and Cincinnati, OH, 45242, and doing business as "Blatman Integrative Healing," with an office at 120 East 56th Street, 12th Floor, New York, NY 10022.

39.    On information and belief, Defendant Hal S. Blatman, M.D. is an individual residing in Ohio.

40.    On information and belief, Defendant Mountain Medical Specialties, Inc., is a Georgia corporation with an office at 172 North Main St Suite 5, Clayton, GA 30525.

41.    On information and belief, Defendant Arthur Flick, M.D. is an individual residing in Georgia.

42.    On information and belief, Defendant EastWest Health SLC, LLC, is a Utah limited liability company with an office located at 7050 Union Park Ave, Suite 140, Midvale, UT 84047.

43.    On information and belief, Defendant Thomas Su, M.D. is an individual residing in Florida and conducting business as "Artistic Lipo of Tampa" with an office at 12634 Bassbrook Lane, Tampa, FL 33626.

44.    On information and belief, Defendant Phillip M. Milgram, M.D. is an individual residing in California and doing business as "AgeReversalMD" with an office at 3262 Holiday Ct. Suite 210, La Jolla, CA 92037.

45.    On information and belief, Brandon Crawford is an individual residing in Texas and doing business as "NeuroSolution Center of Austin."

46.    On information and belief, Stefan Kasian, N.D. is an individual residing in California and doing business as RegenMedica.

47.    On information and belief, Defendant The Bio-Hack Lab, LLC is a Florida limited liability company with its principal place of business at 1785 SE 17th Street, Fort Lauderdale, FL 33316.

48.    On information and belief, Defendant Craig French, D.C. is an individual residing in North Carolina.

49.    On information and belief, Defendant Christina Rahm is an individual residing in Tennessee.

50.    On information and belief, Defendant PFrankMD Management Company, Inc. is a New York corporation with a principal place of business at 1049 5th Avenue, Suite 2B, NY, NY 10028.

51.    On information and belief, Defendant Paul Jerrod Frank, M.D. is an individual residing in New York.

52.    On information and belief, Defendant Sienna Steckel, M.D. is an individual residing in Florida.

53.    On information and belief, Defendant Eric Schoen, N.D. is an individual residing in Washington.

54.    On information and belief, Defendant Lolli Brands Entertainment, LLC is a New York limited liability company with its principal place of business at 244 5th Ave, Suite 2025, New York, NY, United States, 10001.

55.    At all material times, the defendants other than Ovokaitys were the agents of Ovokaitys, acting within the scope of such agency, and under his authority.

## JURISDICTION AND VENUE

56.    This is a civil action for copyright infringement, contributory copyright infringement, and vicarious copyright infringement under the Copyright

Act, a law of the United States, 17 U.S.C. § 101, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and 17 U.S.C. § 501(b).

57.    This Court has personal jurisdiction over defendant Ovokaitys because he resides in and operates his medical practice in the State of California and in this district.

58.    This Court has personal jurisdiction over the SONG Provider Defendants because each has purposely directed activities toward the State of California by consummating transactions with Ovokaitys, who operates his business in California. Through their licensing of the SONG treatment protocol, the SONG Provider Defendants have continuing business relationships and obligations in California, and have purposely availed themselves of the laws of the State of California. The infringement of Plaintiff's intellectual property rights arises out of or relates to the SONG Provider Defendants' contacts with the forum.

59.    The Court has personal jurisdiction over defendant Lolli Brands, a film producer, because Lolli Brands frequently travels to and does business in California, including through a business relationship Ovokaitys. Lolli Brands filmed Ovokaitys using the *Erektica* piece in a SONG treatment, and has agreed to promote Ovokaitys's SONG treatments through a documentary episode that includes footage of the *Erektica* piece being played during a SONG treatment. Lolli Brands' infringement of Plaintiff's copyright arises out of its contacts with the State of California through Lolli Brands' business relationship with Ovokaitys. The Court therefore has specific personal jurisdiction over Lolli Brands, at minimum.

60.    Venue is proper under 28 U.S.C. § 1400(a) because Defendants may be found in this district. "Venue under 28 U.S.C. § 1400(a) is proper in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." *Columbia Pictures Television v. Krypton*

*Broad. of Birmingham, Inc.,* 106 F.3d 284, 289 (9th Cir. 1997), rev'd sub nom on other grounds in *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 118 S. Ct. 1279 (1998). Ovokaitys resides in and conducts his medical services business out of the Southern District of California. As described above, Defendants have continuing business relationships and obligations in this district, such that the exercise of personal jurisdiction would be proper if this district were a state. Moreover, a substantial part of the events giving rise to the dispute occurred in this district.

## FACTS

61.    In 2021, defendant Ovokaitys asked Ms. O'Driscoll to compose a piece of music for the purpose of implementing it in stem cell treatments. The musical piece was to be a new, original composition. Ovokaitys told O'Driscoll that he intended to present it at a 2022 international convention.

62.    Ovokaitys informed O'Driscoll that he had conjured a 3-4 note motif that he wished to make the basis of the composition. That snippet of music was not sufficiently original or developed to qualify for copyright protection, nor was it substantial or valuable in relation to the composition that Ms. O'Driscoll later created.

63.    Ms. O'Driscoll began creating the music and preparing to record it, reaching out to producers, engineers, and instrumentalists, and booking studio sessions in Utah for the project.  For approximately six months, Ms. O'Driscoll continued to write, perform vocals, produce, and compose the music to be used in the treatments. She kept Ovokaitys informed as to the progression of her work.

64.    Through her own independent creativity, skill, and expertise, Ms. O'Driscoll composed the piece. She carefully crafted the melodies, rhythms, harmonies, chord progressions, orchestration, and structure of the piece.

65.    Ovokaitys often praised Ms. O'Driscoll for her work and provided positive feedback, calling the music "magical, the most beautiful piece to enter

from the void" and continuously expressed his excitement over the progression of the piece.

66.    Ovokaitys and Ms. O'Driscoll continued to communicate about the possibilities for the music O'Driscoll was composing, such as albums, mix-out variations, and movie scores.

67.    As such, Ms. O'Driscoll fostered and maintained the relationships with other musical and recording artists throughout the recording process and even helped facilitate the connections between Ovokaitys and other parties involved in the production.

68.    As Ms. O'Driscoll continued to work on the production of the piece, Ovokaitys made rounds in the health care community, recruiting possible licensees for the stem cell treatments that would require the use of Ms. O'Driscoll's music.

69.    Ovokaitys flew to Key Largo to share the music demo as part of his lead presentation for DaVinci50 Masterminds, an exclusive group dedicated to the advancement of health sciences. He referred to this as the first "public launch" of Ms. O'Driscoll's piece, and reported to Ms. O'Driscoll that "the audience adored it," that it " received in awe," and that it received the first and only full room standing ovation of the conference.

70.    In June of 2021, Ovokaitys informed Ms. O'Driscoll of the opportunity to perform the piece for a renowned physician during his treatment session. He requested Ms. O'Driscoll travel to California to participate in the treatments with the physician, representing that this would create business connections to commercialize the music, thereby acknowledging Ms. O'Driscoll's ownership rights in the work.

71.    On September 3, 2021, Ms. O'Driscoll reached out to Ovokaitys to finalize a contractual agreement for the musical piece, planning to provide him with a draft agreement for review and negotiation. Rather than negotiating in

good faith or agreeing to appropriate terms for the use of Ms. O'Driscoll's music, Ovokaitys ceased his friendly communications with Ms. O'Driscoll. He rebuffed or ignored her attempts to formalize their business relationship while continuing to commercially exploit her work.

72. On December 26, 2021, Ovokaitys contacted Ms. O'Driscoll with information about stem cell research being recognized by Harvard and their chances as a leading candidate to win $100 million dollars from XPRIZE for their contribution to age renewal medicine. Despite this, Ovokaitys declined Ms. O'Driscoll's repeated offers to speak by telephone to finalize a contract for his use of the music.

73. In April 2024, Ms. O'Driscoll was informed that her music was being used for the purpose of Ovokaitys's treatments, without any credit or acknowledgement of Ms. O'Driscoll. Instead, Ovokaitys was falsely representing Ms. O'Driscoll's music as his own.

74. In April 2024, Ms. O'Driscoll requested to meet with Ovokaitys to discuss a formal contract while she was in California. Once again, Ovokaitys delayed and evaded contract discussions with Ms. O'Driscoll.

75. In June 2021, Ms. O'Driscoll emailed Ovokaitys, detailing her desire to amicably finalize an agreement that all parties would be comfortable with. She received no response.

76. While Ms. O'Driscoll has made several attempts across various forms of media to reach an agreement, Ovokaitys has persistently ignored Ms. O'Driscoll, while continuing to exploiting her musical creation for his own professional and financial benefit.

77. Scientific analysis conducted at the Heart Math Institute demonstrated that *Erektica* had a pronounced physiological impact on Heart Rate Variability, a metric associated with heart health, stress tolerance, and longevity. Testing on a patient revealed significantly higher readings compared to silence

and standard meditation music, supporting the piece's effectiveness as a therapeutic tool. Ovokaitys leveraged these findings to promote his SONG treatment while erasing Ms. O'Driscoll's name from the piece and excluding her from any financial benefit.

78.    The SONG treatment is priced at $7,500 to $25,000 per treatment, with an average cost of approximately $10,000 per treatment.

79.    Ovokaitys continues to use Ms. O'Driscoll's piece in SONG treatments and to promote said treatments throughout social media, speaking engagements, professional conventions, and more. In a May 14, 2024 podcast appearance, he described the piece in a podcast appearance as "part of our protocol," and praised its therapeutic benefits as part of the SONG treatment process.

80.    Clinics around the world selling the SONG treatment have access to an audio file of *Erektica*, which they play to patients during their treatments. Additionally, several clinics have used *Erektica* in promotional social media content as part of their wellness industry branding and advertising.

81.    To this day, Ms. O'Driscoll continues to discover new unauthorized uses of her music by Ovokaitys and his associates. For example, on December 25, 2024, defendant Lolli Brands released the first episode of a documentary series entitled *Biohack Yourself*, which will include footage of defendant Ovokaitys using *Erektica* in a SONG treatment, as shown in a May 22, 2024 Instagram post with a sneak preview of that episode. *Erektica* is played in that video clip, but Ms. O'Driscoll was neither credited nor compensated for the use of her piece by Lolli Brands.

82.    Ovokaitys intentionally misappropriated Ms. O'Driscoll's valuable musical composition, willfully infringing her copyright, and funneling all resulting profits into his own pockets. The SONG Provider Defendants have also

profited from Ms. O'Driscoll's work, without providing due credit or compensation.

## CLAIM I – COPYRIGHT INFRINGEMENT
### (Against All Defendants)

83.    Plaintiff incorporates by reference each of the allegations in the preceding paragraphs as if fully set forth here.

84.    Ms. O'Driscoll owns a valid and enforceable copyright in *Erektica*, which is a creative work of original authorship.  *Erektica* is registered with the United States Copyright Office under Registration No. SR 1-008-464.

85.    Ms. O'Driscoll is the exclusive owner of the copyright in *Erektica*, with exclusive ownership of the rights attendant to that copyright ownership, including without limitation all rights of reproduction, distribution, public performance, public display, creation of derivative works, and to bring suit to enforce her copyright.

86.    Defendant Ovokaitys and knew of and had direct access to *Erektica*. Specifically, he received and reviewed copies of the piece throughout the recording process, listened to and provided positive feedback on its musical progression and composition, and maintained continuous access to various versions of the work from approximately March 2021 through the present.

87.    Defendant Ovokaitys's infringing conduct was and continues to be willful and with full knowledge of Ms. O'Driscoll's rights relating to *Erektica*.

88.    On information and belief, the SONG Provider Defendants advertised and provided SONG treatment services, which directly incorporate and commercially exploit *Erektica*. At no time did the SONG Provider Defendants obtain a valid license or authorization to reproduce, create derivative works from, distribute, or publicly perform or display the original, creative material in *Erektica*.

89. Defendant Lolli Brands used *Erektica* without permission in a video promoting its five-part docuseries, *Biohack Yourself*. On information and belief, Lolli Brands Entertainment, LLC intends to use additional audiovisual media incorporating *Erektica* in the fifth installment of *Biohack Yourself*, which features Ovokaitys. As of the date of this Complaint, the fifth installment of *Biohack Yourself* has not been released.

90. Through these unauthorized uses, Defendants have violated Ms. O'Driscoll's exclusive rights under 17 U.S.C. § 106 to reproduce, distribute, perform, display, and prepare derivative works of the original, creative material in *Erektica.*

91. Through Defendants' commercialization of *Erektica* without Ms. O'Driscoll's permission, Defendants directly infringed Ms. O'Driscoll's exclusive rights in *Erektica* and its elements in violation of 17 U.S.C. § 501.

92. As a direct and proximate result of Defendants' infringing conduct, Ms. O'Driscoll has suffered significant harm, including but not limited to actual damages, lost profits, damage to her professional reputation, and loss of business opportunities.

93. Pursuant to 17 U.S.C. § 504(b), Ms. O'Driscoll is entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged above, including from any and all sales of services or products incorporating or embodying the copyrighted work.

94. As a direct and proximate result of the Defendants' infringing conduct, Ms. O'Driscoll sustained and will continue to sustain substantial, immediate, and irreparable injury. Ascertainment of actual damages which would afford Plaintiff adequate relief for such acts would be difficult, such that Plaintiff's remedy at law is not adequate to compensate her for injuries inflicted by Defendants. Ms. O'Driscoll therefore is entitled to permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

## CLAIM II – VICARIOUS COPYRIGHT INFRINGEMENT

### (Against Defendant Ovokaitys)

95.    Plaintiff incorporates by reference each of the allegations in the preceding paragraphs as if fully set forth here.

96.    Defendant Ovokaitys, through his contractual relationships and third-party licensing agreements with the other defendants, possessed and exercised both the right and ability to supervise and control the infringing conduct of those who unlawfully reproduced, created derivative works, distributed, and publicly displayed the original, creative material in *Erektica*. Rather than preventing that infringing conduct, however, he facilitated and encouraged it for his own financial gain, in violation of 17 U.S.C. § 106.

97.    Ovokaitys obtained a direct financial interest in the infringing acts of the other defendants because each of these acts resulted in revenues and profits to Ovokaitys.

98.    Accordingly, Ovokaitys is liable to Ms. O'Driscoll for vicarious copyright infringement.

99.    The foregoing acts of vicarious infringement were willful, intentional, and were perpetrated in blatant disregard of Ms. O'Driscoll's rights, demonstrating a gross lack of respect for her intellectual property and artistic standing.

100.    As a direct and proximate result of the vicarious infringement by Ovokaitys, Ms. O'Driscoll has been harmed and is entitled to damages in an amount to be proven at trial.

101.    As a direct and proximate result of Ovokaitys's infringing conduct, Ms. O'Driscoll sustained and will continue to sustain substantial, immediate, and irreparable injury. Ascertainment of actual damages which would afford Plaintiff adequate relief for such acts would be difficult, such that Plaintiff's remedy at law is not adequate to compensate her for injuries inflicted by Ovokaitys. Ms.

O'Driscoll therefore is entitled to permanent injunctive relief restraining and enjoining Ovokaitys's ongoing vicarious infringement.

## CLAIM III – CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against Defendant Ovokaitys)

102.   Plaintiff incorporates by reference each of the allegations in the preceding paragraphs as if fully set forth here.

103.   Defendant Ovokaitys had actual knowledge of the infringing activity and materially contributed to, induced, or caused the direct infringement of the original, creative material in *Erektica*, in violation of 17 U.S.C. § 106.

104.   Ovokaitys knew of the infringing activity because: (1) he received direct notice of Ms. O'Driscoll's copyright ownership; (2) he was aware of the source and originality of *Erektica*; and (3) by reproducing, distributing, and publicly displaying *Erektica* without authorization, he materially contributed to the other defendants' direct infringement of Ms. O'Driscoll's copyright in violation of 17 U.S.C. § 106.

105.   Accordingly, Ovokaitys is liable to Ms. O'Driscoll for contributory copyright infringement.

106.   The foregoing acts of contributory infringement were willful and intentional, and in disregard of Ms. O'Driscoll's rights.

107.   As a direct and proximate result of the contributory infringement by Ovokaitys, Ms. O'Driscoll has been harmed and is entitled to damages in an amount to be proven at trial.

108.   As a direct and proximate result of the Ovokaitys's infringing conduct, Ms. O'Driscoll sustained and will continue to sustain substantial, immediate, and irreparable injury. Ascertainment of actual damages which would afford Plaintiff adequate relief for such acts would be difficult, such that Plaintiff's remedy at law is not adequate to compensate her for injuries inflicted

by Ovokaitys. Ms. O'Driscoll therefore is entitled to permanent injunctive relief restraining and enjoining Ovokaitys's ongoing contributory infringement.

## PRAYER FOR RELIEF

Ms. O'Driscoll prays for judgment in her favor against Defendants, and each Defendant, jointly and severally, as follows:

1. An accounting of all profits earned by Defendants through their infringing activities;

2. For an award of all profits generated by Defendants through their infringing activities, and a constructive trust on all such profits that may be earned in the future;

3. For a preliminary and permanent injunction restraining Defendants from directly, vicariously, or contributorily infringing, or participating in the infringement by others, the copyright in *Erektica* in any way, including but not limited to: (i) performing or playing *Erektica* during any medical, therapeutic, or commercial procedures; (ii) reproducing or distributing recordings of *Erektica*; (iii) synchronizing *Erektica* with audiovisual content; and (iv) using *Erektica* in social media or promotional campaigns.

4. For compensatory damages according to proof;

5. For costs of suit;

6. For prejudgment interest; and

7. For such other relief as the Court may deem just and proper.

Dated:   April 14, 2025

FITZGERALD KNAIER LLP

By: _____

Kenneth M. Fitzgerald
Attorney for Plaintiff

# DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff demands a trial by jury on all issues so triable.

Dated:   April 14, 2025                              FITZGERALD KNAIER LLP

                                                     By: _____
                                                         Kenneth M. Fitzgerald
                                                         Attorney for Plaintiff